ROGERS, J.
 

 Appellant was indicted for murder, was found guilty without capital punishment, and was sentenced to life imprisonment in the penitentiary. He relies upon two hills of exception for the reversal of his conviction and sentence.
 

 Bill No. 1 was taken to the charge of the trial judge upon two alleged grounds of error. One of these grounds has been expressly abandoned by appellant. The other ground which is stressed before us is that the court erred in charging “that if the killing is unlawful and without malice the killing is manslaughter.” The portion of the charge objected to was preceded by the following explanation, viz.:
 

 “The great distinction between, murder and manslaughter is that in manslaughter there is an absence of malice, either expressed or implied.’-’
 

 Manslaughter is defined to be, “The unlawful killing of another without malice either express or implied.” 4 Blaekstone Comm., p. 191. See State v. McGarrity, 139 La. 430, 71 So. 730. Appellant’s objection to the charge of the trial judge is without force.
 

 Bill No. 2 was reserved to the action of the court in overruling a motion for a new trial.' The motion reiterates the alleged error of the trial judge concerning the definition of the crime of manslaughter, and sets up, further, that a new trial should have been granted because the jury took into the jury room the gun with which the fatal wound was inflicted.
 

 The district attorney traversed the facts as set forth in the motion for a new trial, and. after a hearing on the issues involved the court denied'the motion. The evidence adduced on the hearing disclosed that when the jury was about to retire for their deliberations, the sheriff handed the gun to one of the jurors, who carried it into the jury room. Counsel for defendant immediately protested to the district attorney and to*the sheriff against the action of the juror, and the sheriff got in touch with the judge, who ordered him to forthwith remove the gun from the jury room. -The sheriff then entered the room and removed the gun, which was lying on a table where it had been placed by the juror who had brought it into the room. The entire incident, from the discovery that the gun had been taken to the jury room until its removal by the sheriff, did not occupy a period of time greater than 20 minutes. The jury had not examined the -gun. nor had they entered upon their deliberations up to the time it was taken from the room, as they were waiting for their supper, which had been ordered by the sheriff just as they retired and was brought to them after he regained possession of the weapon.
 

 The gun in question was improperly carried into the jury room, but we are unable to see wherein the -defendant was prejudiced thereby, since the weapon was not examined by the jurors and was removed before they began their deliberations. We find no good' reason in the incident complained of .for setting aside the verdict.
 

 For the reasons assigned, the verdict and sentence appealed from are affirmed.